**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRACE GAGLIANO, | : | |
| **Plaintiff** | : | **No. 1:26-cv-00464** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| GEORGE M. KEST and LYFT, INC., | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court is Defendant Lyft, Inc. ("Defendant Lyft")'s motion to dismiss (Doc. No. 4) Plaintiff Grace Gagliano ("Plaintiff")'s negligent entrustment claim (Doc. No. 1-2 ¶¶ 13–15). For the following reasons, the Court will grant the motion.

**I.    BACKGROUND[1]**

On or about February 25, 2024, at approximately 11:00 p.m., Plaintiff was operating a motor vehicle traveling south on Interstate 83 in York, Pennsylvania when she was suddenly and unexpectedly rear ended by Defendant George M. Kest ("Kest"), who was operating his motor vehicle while driving for Defendant Lyft. (Doc. No. 1-2 ¶ 4.) Plaintiff alleges that, as a result of the collision, and in particular, Defendant Kest's negligence, she sustained serious and permanent injuries that have and will continue to prevent her from "attending to her usual daily activities and duties." (Id. at ¶¶ 4–8.)

On February 20, 2026, Plaintiff filed the complaint that initiated this case in the York County Court of Common Pleas. (Doc. No. 1-2.) In her complaint, Plaintiff alleges a claim of negligence against Defendant Kest (Count I) and a claim of negligent entrustment against

---

[1] The factual background is drawn from the complaint (Doc. No. 1-2), the allegations of which the Court accepts as true for purposes of the pending motion to dismiss. See Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017).

Defendant Lyft (Count II).  (Id. at ¶¶ 11–17.)  On February 24, 2026, Defendant Lyft removed this case to this Court on the basis of diversity jurisdiction,[2] and the case was thereafter assigned to the undersigned.[3]  (Doc. No. 1.)  Subsequently, on February 27, 2026, Defendant Lyft filed the instant motion to dismiss the claim asserted against it (Doc. No. 4), along with a brief in support thereof (Doc. No. 5).  On March 13, 2026, Plaintiff filed a brief in opposition to Defendant Lyft's motion (Doc. No. 6), and on March 18, 2026, Defendant Lyft filed a reply in further support of its motion (Doc. No. 7).  Having been fully briefed, the motion is ripe for disposition.

## II.    LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 341 n.42 (3d Cir. 2010) (citations omitted).  The Court's inquiry is guided by the

---

[2]   In its notice of removal, Defendant Lyft represents that complete diversity exists between the parties, as it is a "citizen of Delaware and California," "Plaintiff is a citizen of Maryland," and "Defendant Kest is a citizen . . . of Pennsylvania."  (Doc. No. 1 at 2.)

[3]   The Court's review of the docket reveals that Defendant Kest has not yet appeared in this case.

standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556

U.S. 662 (2009).  Under Twombly and Iqbal, pleading requirements have shifted to a "more

heightened form of pleading."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.

2009).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show

that the claim is facially plausible.  See id.  The plausibility standard requires more than a mere

possibility that the defendant is liable for the alleged misconduct.  As the Supreme Court

instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the

pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (alteration in original) (quoting Fed. R.

Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the

United States Court of Appeals for the Third Circuit ("Third Circuit") has identified the

following steps a district court must take under Rule 12(b)(6): (1) identify the elements a

plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the

complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded

factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."

See Santiago v. Warminster Township, 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556

U.S. at 679).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must

consider only the complaint, exhibits attached to the complaint, matters of public record, as well

as undisputedly authentic documents if the complainant's claims are based upon these

documents."  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit

Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

**III.   DISCUSSION**

Defendant Lyft moves to dismiss the negligent entrustment claim asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. No. 5 at 3.)

A federal court sitting in diversity must apply the substantive law of the state in which it sits, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), including its choice of law rules, see Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  As this case was removed to this Court pursuant to 28 U.S.C. § 1332 (Doc. No. 1 at 1), the Court is thereby required to apply Pennsylvania's choice of law rules.  However, because the parties do not dispute that Pennsylvania law applies to the instant case and rely exclusively on Pennsylvania law in their briefs (Doc. Nos. 5, 6, 7), the Court need not conduct a choice of law analysis and will accordingly apply Pennsylvania law to the negligent entrustment claim asserted against Defendant Lyft.  See Lindsay Golf Grp. Ltd. v. XTO Energy Inc., No. 24-cv-00781, 2024 WL 4870541, at *4 n.6 (W.D. Pa. Nov. 22, 2024) (stating that "[b]ecause the parties in their briefs agree that Pennsylvania law applies, the [c]ourt need not conduct a choice-of-law inquiry"); McCoy v. Cwork Sols., LP, No. 18-cv-04079, 2022 WL 1275005, at *1 n.1 (E.D. Pa. Apr. 28, 2022) (stating that "a choice of law analysis is not necessary because the parties appear to agree that Pennsylvania law applies as they exclusively cite to Pennsylvania law . . . . [t]hus Pennsylvania law applies to the claims").

With respect to claims of negligent entrustment, Pennsylvania follows Section 308 of the Second Restatement of Torts, see Ferry v. Fisher, 709 A.2d 399, 403 (Pa. Super. Ct. 1998), which defines the tort of negligent entrustment as follows:

> it is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such

4

person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

See Restatement (Second) of Torts § 308.  Thus, pursuant to Section 308, a plaintiff seeking to plead a negligent entrustment claim in the instant context must show that the defendant "(1) permitted [a third party], (2) to operate its [automobile], and (3) that [the defendant] knew or should have known that [the third party] intended to or was likely to use the [automobile] in such a way that would harm another."  See Schneider Nat'l Carriers, Inc. v. Syed, No. 17-cv-02383, 2019 WL 183905, at *3 (M.D. Pa. Jan. 14, 2019).

Defendant Lyft argues that Plaintiff fails to state a plausible negligent entrustment claim against it because she "fails to plead any facts that Lyft owned or controlled the vehicle, or that it knew or should have known that Kest was likely to operate the vehicle in an unsafe manner based on any prior instances of negligence." (Doc. No. 5 at 7.)  As to the latter point, Defendant Lyft specifically notes that "Plaintiff points to no prior instances of any conduct, let alone misconduct or negligence, on the part of Kest that could have possibly put Lyft on notice of any indication [that] Kest would engage in negligent, careless, or unsafe driving." (Id.)  Plaintiff, in response, does not dispute her failure to plead a plausible negligent entrustment claim against Defendant Lyft.  (Doc. No. 6 at 3–4.)  Instead, she confusingly argues that her "claims for negligent hiring, training, and supervision [against Defendant Lyft] are legally sufficient" (id. at 3), despite the fact that her complaint does not plead negligent hiring, training, and supervision claims against Defendant Lyft.

Upon careful consideration of the complaint, the arguments of the parties, and relevant authority, the Court concludes that Plaintiff's complaint fails to plead a negligent entrustment claim against Defendant Lyft.  As argued by Defendant Lyft, there are no allegations in the complaint from which the Court can reasonably infer that Lyft "(1) permitted [Kest], (2) to

5

operate its [automobile], and (3) that [Lyft] knew or should have known that [Kest] intended to or was likely to use the [automobile] in such a way that would harm another." See Schneider Nat'l Carriers, Inc., 2019 WL 183905, at *3. In fact, in contradiction to element two, the complaint explicitly states that Defendant Kest "was operating his motor vehicle while driving for Defendant Lyft." (Doc. No. 1-2 ¶ 4.) Accordingly, the Court will grant Defendant Lyft's motion to dismiss. Furthermore, noting that Plaintiff failed to request leave to amend her complaint in her brief opposing Defendant Lyft's motion to dismiss (Doc. No. 6 at 1–4), the Court declines to provide such leave. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (stating that the Third Circuit Court of Appeals has "implicitly rejected any argument that, outside of civil rights cases, district courts must sua sponte grant leave to amend before dismissing a complaint for failure to state a claim[;]" thus, "a district court need not worry about amendment when the plaintiff does not properly request it" ); see also Corsale v. Sperian Energy Corp., 819 F. App'x 127, 131 (3d Cir. 2020) (finding that "the [d]istrict [c]ourt did not abuse its discretion in not granting leave to amend sua sponte" where "plaintiffs did not properly request leave to amend") (unpublished).[4]

---

[4] The Court notes that Corsale, as an unpublished Third Circuit opinion, is not binding precedent. The Third Circuit's internal operating procedures provide that "[t]he court by tradition does not cite to its not precedential opinions as authority." See IOP 5.7. However, the Third Circuit has acknowledged that its nonprecedential opinions ("NPOs") may nevertheless contain persuasive reasoning. See New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, 604 F.3d 816, 823 (3d Cir. 2010) (noting that an NPO is "as persuasive as its reasoning"); see also Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996) (following an NPO based on "factual similarity" and "look[ing] to the [NPO] as a paradigm of the legal analysis"). Given the factual similarities between the instant case and Corsale, the Court cites to Corsale for its persuasive value.

## IV.      CONCLUSION

For the foregoing reasons, the Court will grant Defendant Lyft's motion to dismiss (Doc.

No. 4) Plaintiff's negligent entrustment claim (Count II).  An appropriate Order follows.


      s/ Yvette Kane     
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania